## SUPREME COURT.

### OCTOBER TERM—1865.

### THE KING *vs.* NAONE.

A VERDICT on one count, although silent as to the others, is an acquittal as to them; but the jury should respond distinctly as to all, as being a more precise mode of proceeding.

As is provided for by statute, the jury may return a verdict for any lesser degree of the same offense, when the evidence will not warrant a verdict of guilty in the degree for which the prisoner is indicted. The proof however must sustain the charge of the lesser degree.

Motion for arrest of judgment and new trial.

ALLEN, C. J.

This is an indictment for burglary with intent to commit robbery, larceny or other felony, with allegation of larceny; also

The King *vs.* Naone.

for larceny in the second degree in the night time ; also for being accessory to the crimes of burglary and larceny.

This case was submitted to the jury and a verdict of guilty of larceny in the third degree rendered. After which, the counsel for the defendant moved in arrest of judgment and for a new trial, on the ground that the verdict was against law and evidence.

The counsel for the defendant contends that the verdict is void for uncertainty, as it does not acquit the defendant of the count of burglary and being accessory to burglary, and that he is not protected by this verdict from a prosecution for burglary.

The authorities do not concur as to the effect of a verdict on one count, without reference to the others. The earlier decisions were in favor of the position that it was bad to find a part of the matters put in issue, and to say nothing of the rest. It is also decided in the case of Baron, plaintiff in error, *vs.* The People, defendants in error (1st vol. Parker's Crim. Rep., 246), that if some of the counts are undisposed of by the verdict, the judgment rendered on such verdict will be reversed.

In the case of the State *vs.* Phinney (24th Maine, 384), the Court are of opinion when there are several counts, and the jury find the defendant guilty on one count, and are silent as to the rest, the legal effect of the verdict is an acquittal as to the others ; but they say that the accused is entitled to a verdict upon each and every substantive charge in an indictment, and it is the duty of the Court to require the jury to respond distinctly to the several counts contained therein.

In the case of the Commonwealth *vs.* Steadman, (12 Met., 444,) there were six counts in the indictment, charging the defendant with selling spirituous liquors. The jury returned a verdict that the defendant was guilty of the charge contained in the third count, and stated that they had not agreed as to the other counts. The Court in this case held that the Attorney of the Commonwealth, with leave of the Court, might enter *nolle prosequi* as to the other counts, without the defendant's consent, and that the judgment might be rendered on the third count.

Other Courts have held to the same direction, and adopted

the same practice.    United States *vs.* Keene, (1 McLean, p. 429 ; Bishop's Criminal Law, §677.)

We are of opinion that the verdict should not be set aside from this cause, as it is clearly understood in our practice, that a verdict on one count, although silent as to others, is an acquittal as to them.    Still, we think the jury should respond distinctly as to all, as being a more precise mode of proceeding.

The counsel for the defendant contends further that the verdict is against the evidence.

The evidence introduced to sustain the charge of larceny, was that it was committed in the night time.

There was no conflict on this point.    It conformed precisely to the count in the indictment.    A verdict of guilty of larceny in the third degree was rendered, which by reference to the third subdivision of the 15th Article of Chapter 16th of the Penal Code, it will be seen that it was a verdict of larceny in the day time ; the charge was larceny in the night time; the proof was exclusively applicable to the act being done in the night time, but the verdict was guilty of larceny in the day time.

This is clearly against the evidence.    But it is said that the jury may return a verdict for any lesser degree of the same offence; this is provided for by statute, when the evidence will not warrant a verdict of guilty in the degree for which the prisoner is indicted.    The proof, however, must sustain the charge of the lesser degree.

In this case it is not sustained.    There is not a particle of evidence that the defendant was guilty of larceny in the third degree.

The indictment alleges that the defendant feloniously stole four dozen bottles of spirituous liquors, the property of Mr. W. L. Green, in the night time.    Yet, the verdict as rendered by force of the provisions of the third subdivision of Section 15, as referred to above, is that the alleged larceny was committed in the day time.    Suppose for example that the charge was in the night time.    The proof being in the day time, it will not be contended that it could be sustained.    We regard this case as equally strong.    The jury have rendered a verdict of guilty for a charge that was neither made nor proved—larceny in the

day time.   The penalties are different.   In the former case, the punishment is imprisonment at hard labor for a period not more than five years and a fine, and in the latter not exceeding two years with a fine.

In the case of the Commonwealth vs. Hopkins, (3 Met., 460,) it was determined that evidence of the commission of larceny in the night time, would not support an indictment for larceny in the day time.

We regard the principle of that case as decisive of the question raised in this.   In that case the evidence did not support the allegations in the indictment.   In this case while the proof sustains the indictment, the verdict is in conflict with both.

In the case of the Commonwealth vs. M'Laughlin, (11 Cush. Rep., p. 598,) the Court says that the Legislature by special enactment in the case of aggravation, or as they are sometimes called compound larceny, have made time and place essential elements of the several offences for which punishments are prescribed.   In that case the averment was that the larceny was committed in the day time, and the Court say, as the evidence tended to prove that the offence was committed in the night time, that it did not sustain the indictment.   The Court, however, say that the defendant might have been found guilty of a simple larceny.

We are of opinion that the evidence adduced by the Crown in this case, was sufficient to have warranted a conviction of the defendant of simple larceny upon the present indictment.

Judgment arrested and new trial ordered.

Mr. C. C. Harris, Attorney-General, for the Crown.

Mr. Stanley, for defendant.